UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RASHOD D. COSTON,

                      Petitioner,

    -against-

U.S. DEPARTMENT OF JUSTICE, U.S. ATTORNEY
GENERAL, FEDERAL BUREAU OF PRISONS,
(MDC-BROOKLYN),

                      Respondents.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

16-cv-7087 (SLT)

**TOWNES, United States District Judge:**

Petitioner Rashod D. Coston ("Petitioner") has submitted a *pro se* pleading that seeks injunctive relief under 28 U.S.C. § 2241. (ECF No. 1.) For the reasons set forth herein, Petitioner's § 2241 application is DISMISSED. Petitioner's pleading could also be construed as seeking damages for alleged constitutional violations under the implied cause of action theory adopted in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No.1.) For the reasons set forth herein, Petitioner is granted leave to submit, within 30 days from the issuance of this Memorandum and Order, an amended pleading that alleges a cognizable *Bivens* claim, consistent with this Memorandum and Order. Alternative to continuing this case by submitting an amended pleading, Petitioner may contact the Federal Pro Se Legal Assistance Project, c/o U.S. District Court, EDNY, 225 Cadman Plaza East, Brooklyn, NY 11201, (212) 382-4729, to determine whether and how, as Petitioner suggested in his pleading, he can join the plaintiffs in *Podius v. Federal Bureau of Prisons*, 16-cv-6121 (E.D.N.Y.).

## BACKGROUND

On November 9, 2016, Petitioner pled guilty in the Northern District of New York to violating the terms of his supervised release that were imposed for a 2012 federal conviction.

(Judgment in a Criminal Case for Revocation of Probation or Supervised Release, 5:11-cr-272 (NAM), ECF No. 112.) He was sentenced to six months in prison with no term of supervised release to follow. (*Id.* at Imprisonment.) He started his term of incarceration on December 5, 2016. (Ex. 1 to Respondents' letter to the Court dated Jan. 31, 2017, ECF No. 8.)

While incarcerated, in December 2016, he submitted a *pro se* hand-written habeas application under 28 U.S.C. § 2241 also seeking a "writ of mandamus" under 28 U.S.C. § 1361 and preliminary injunction under Federal Rule of Civil Procedure 65(b) against Respondents U.S. Department of Justice, U.S. Attorney General, Federal Bureau of Prisons, and MDC-Brooklyn ("Respondents"). (Pet., ECF No. 1.) He challenged the conditions of confinement at the MDC in Brooklyn, New York, by alleging that MDC staff threatened and intimidated him, and that unsanitary conditions such as asbestos, mold, and pest control issues, lack of sunshine, and lack of proper medical care violated his constitutional rights. (*Id.* at 1-2, 7, 12.) As a result, he alleged, he suffered from medical conditions like eye and ear infections. (*Id.* at 7-8.) He further alleged that his rights under the Eighth Amendment of the U.S. Constitution were violated due to the deliberate indifference by the MDC staff to his medical needs (*id.* at 24-5), that his First Amendment rights were violated because the MDC staff "threatened and intimidated" him (*id.* at 2), and that his due process and equal protection rights under the Fifth Amendment were violated by being "a 'minimum security inmate" who was housed "at a high security detention center (MDC Brooklyn)" with "heinous, vile conditions[.]" (*Id.* at 21, 22.) He sought to be transferred out of the MDC to another BOP facility, "an order to enjoin defendants-respondents from retaliating against" him, to serve the maximum amount of [his imprisonment] time at a halfway house, "one (1) day sentence credit for each day served[,]" assignment of counsel, and "any and all felicitous and appropriate relief suitable by law and the jurisprudence

2

of this court and country." (*Id.* at 26-7.) On December 29, 2016, the Court granted Petitioner's application for *in forma pauperis* status and ordered Respondents to respond to the Petition. (ECF No. 4.)

On January 11, 2017, the Court received Petitioner's handwritten "Memorandum in furtherance of clarification of action[.]" (ECF No. 5.) In it he stated, *inter alia*, that his habeas application "is and was not a limitation or restriction on his rights for relief pursuant to 42 U.S.C. 1983 (or, more appropriately, 'Bivens v. Six Unkown Named Agents of Fed. Bureau of Narcotics,' 403 U.S. 388." (*Id.* at 1-2.) Petitioner also mentioned a "pending 42 U.S.C. 1983 action filed by male and female cadre inmates confined at MDC-Brooklyn" and stated that "it may behoove him and the orderly operation of judicial resources to join his claim for damages in whit the class action that is currently pending 16-cv-2131 'Anthony Podias et al v. Federal Bureau of Prisons et. al.[1] Indeed, his Affidavit was submitted by 'Anthony Podias et al' to this court as an appending document to the original cause." (*Id.* at 2.)

On January 31, 2017, Respondents opposed Petitioner's December 2016 pleading to the extent that it sought relief under § 2241. (ECF No. 8.) Respondents argued that the Court should deny the application because Petitioner failed to exhaust the BOP's administrative remedies and failed to show that any established exception excused this failure. (*Id.* at 1, 5-6.)

On March 1, 2017, Petitioner wrote a letter to the Court regarding "excusable neglect for time to file[.]" (ECF No. 9.) He stated that he "was disallowed from attending and accessing the educational and law library resources and facilities for reasons beyond his control[,]" and attached six emails dated between February 28 and March 6, 2017, in which he lodged complaints to "executive staff of the MDC" and the Warden regarding library access. (*Id.*)

---

[1] The correct docket entry is 16-cv-6121 (E.D.N.Y.).

On March 16, 2017, the Court docketed Petitioner's handwritten "Surrebuttal (Response to Government's Opposition) and Addendum-'Bivens Suit' 'FTCA' (28 USC 1346)[.]" (ECF No. 10.) Petitioner repeated his argument from his December 2016 pleading that his failure to exhaust BOP's administrative remedies is excused for various reasons, including that he "has attempted to pursue such claims through this program and this program has been rendered ineffective by way of rogue staff whom has failed to file said grievances, mishandled and misplaced forms submitted for review, and has retaliated with physical and verbal threats of violence and intimidation[,]"and that "[v]arious remedies were rejected and returned for vague, pedantic defects without ever addressing the merits." (*Id.* at 2, 4.) Thus, he argued, the administrative remedies were unavailable to him for reasons that were out of his control. (*Id.*) Petitioner also repeated his argument that his rights under the Fifth and Eighth Amendments were violated. (*Id.* at 11-24.) Petitioner "seeks immediate injunctive relief" and "Bivens should be granted in the sum that is requested[,]" but did not specify a sum. He also attached emails complaining to the MDC about falling from his bed, medical conditions like an ear and eye infection and high blood pressure that he states are caused by the unsanitary conditions at the MDC, and a printout indicating that he asked for a "lower bunk" bed. (ECF No. 10.)

On March 16, 2017, the Court also docketed another handwritten submission from Petitioner dated March 5th attaching two INMATE REQUEST FOR INFORMAL RESOLUTION forms. (ECF No. 11.) In one form, Petitioner complained about "adequate access for inmates' resources, GED education, inmate's privacy, safety and habitability, and sentenced inmates to have proper representation in education[.]"(*Id.*) In another form, he complained about library access. (*Id.*) On April 6, 2017, the Court docketed another INMATE REQUEST FOR INFORMAL RESOLUTION form that Petitioner submitted to the Court. (ECF No. 13.)

4

Petitioner subsequently wrote to the Court again enclosing additional emails that he sent to the MDC lodging complaints. (ECF No. 14.)

In May 2017, Petitioner was released from the MDC. (https://www.bop.gov/inmateloc/) Having completed his term of incarceration with no term of supervised release to follow, Petitioner's sentence has fully expired. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

## DISCUSSION

### I. THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER THE § 2241 PETITION

"Article III, §2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies'...." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (internal citation omitted)). "In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action.... This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp.*, 133 S. Ct. at 1528 (internal quotation marks and citations omitted). "A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution." *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004), superseded by statute on other grounds, accord *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Where a prisoner challenges the conditions of confinement and seeks injunctive relief, the claim becomes moot when the prisoner is transferred out of the facility in question.

5

*Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). This is because the prisoner loses personal stake in the claim and the Court cannot provide any injunctive relief to the prisoner. Thus, the Court lacks subject-matter jurisdiction over the conditions of confinement claim. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("Salahuddin is presently incarcerated in Oneida Correctional Facility, which is not one of the prison facilities in which the actions complained of here occurred, and therefore we hold moot all injunctive and declaratory claims against [the relevant] defendants"). In *Thompson v. Choinski*, the prisoner sought "a modification of the conditions of his confinement at a Connecticut state facility. In particular, the [§ 2241] petition asserts that he was not being provided with kosher food or with access to the prison library." 525 F.3d at 209. However, where *Thompson* had "since been transferred from the Connecticut facility to the United States Penitentiary at Lewisburg, Pennsylvania[,]" the Court held that his "claims are therefore moot." *Id.* Similarly here, although Petitioner was incarcerated at the MDC when he filed his § 2241 petition complaining about the conditions of confinement at the MDC, he has since been released. The Court can no longer provide him with the injunctive relief that he sought (ECF No. 1 at 26-7), including transferring him out of the MDC. Thus, the habeas application is moot and dismissed for lack of subject-matter jurisdiction.

## II. PETITIONER HAS 30 DAYS TO SUFFICIENTLY REPLEAD A CLAIM UNDER BIVENS

Courts construe *pro se* submissions "liberally and interpret them to raise the strongest arguments they suggest." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (quoting *Wright v. Comm'r*, 381 F.3d 41, 44 (2d Cir. 2004)). Read liberally, Petitioner's December 2016 pleading could be construed as both a § 2241 application and a complaint seeking damages for alleged constitutional violations under the implied cause of action theory adopted in *Bivens*. For the reasons set forth above, *supra* I., the § 2241 application is dismissed. But in an abundance of

caution, the Court grants Petitioner leave to submit an amended pleading, within 30 days from the issuance of this Memorandum and Order, that sufficiently alleges a claim cognizable under *Bivens*.

To be clear, the Court is not ruling that Petitioner has sufficiently alleged a *Bivens* claims or that he could state a viable *Bivens* claim. Indeed, there are impediments to raising such a claim. First, Petitioner should consider that the Supreme Court has recognized a *Bivens* action in only three contexts: (1) an unreasonable search and seizure in violation of the Fourth Amendment (*Bivens*, 403 U.S. at 397); (2) employment discrimination in violation of the Due Process Clause of the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228 (1979)), and (3) failure to treat an inmate's medical condition in violation of the Eighth Amendment (*Carlson v. Green*, 446 U.S. 14, 19 (1980)). The first two scenarios-unreasonable search and seizure and employment discrimination-are clearly inapplicable to these facts. That leaves the third scenario-failure to treat an inmate's medical condition in violation of the Eighth Amendment-which Petitioner has alleged in his December 2016 pleading.

To determine whether Petitioner's Eighth Amendment claim is cognizable as a *Bivens* claim, Petitioner should, *inter alia*, follow the guidance provided by the Supreme Court in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), which is to first determine whether his Eighth Amendment claim "presents" the same "*Bivens* context" as the claim in *Carlson v. Green*, 446 U.S. 14, 19 (1980). *Ziglar*, 137 S. Ct. at 1859. If, however, Petitioner's claim "is different in a meaningful way from" *Carlson*, then Petitioner's claim presents a "new" *Bivens* "context." *Id.* "*Bivens* will not be extended to a new context if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). Petitioner should also note that "[s]ince *Carlson* in 1980, the Supreme Court has declined to

extend the Bivens remedy in any new direction at all." *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (en banc). Moreover, since Petitioner's allegations under the First and Fifth Amendments do not fall into any of the three types of *Bivens* claims that have been recognized by the Supreme Court, only Petitioner's Eighth Amendment claim would be at issue in his amended pleading.

Second, Petitioner must consider whether his failure to exhaust the BOP's administrative remedies, as required under the Prison Reform Litigation Act ("PLRA") 42 U.S.C. § 1997e(a), can be excused based on one of the exceptions articulated in *Ross v. Blake*, 136 S. Ct. 1850 (2016). As the Court held above, in seeking relief under § 2241, Petitioner has failed to show that his failure to exhaust BOP's administrative remedies was excused.

Third, as an alternative to continuing this action by submitting an amended pleading, Petitioner may want to consider whether to join the plaintiffs in *Podius v. Federal Bureau of Prisons*, 16-cv-6121 (E.D.N.Y.). Petitioner has stated that he may "join his claim for damages in whit [*sic*] the class action that is currently pending 16-cv-2131 'Anthony Podias et al v. Federal Bureau of Prisons et. al." (Memo. in furtherance of clarification of action 2.) If Petitioner is still interested in exploring this option, he may contact the Federal Pro Se Legal Assistance Project, c/o U.S. District Court, EDNY, 225 Cadman Plaza East, Brooklyn, NY 11201, (212) 382-4729, to determine whether and how he can join the plaintiffs in the *Podius* case.

## CONCLUSION

For the reasons set forth above, Petitioner's request for relief under 28 U.S.C. § 2241 (ECF No. 1) is DISMISSED. Also for the reasons set forth above, Petitioner is granted leave to amend his pleading, within 30 days from the issuance of this Memorandum and Order, to sufficiently allege a claim cognizable under *Bivens*, consistent with this Memorandum and Order. This case will be closed if Petitioner does not submit an amended pleading. As an alternative to continuing this case, Petitioner may contact the Federal Pro Se Legal Assistance Project to determine whether and how he can join the plaintiffs in *Podius v. Federal Bureau of Prisons*, 16-cv-6121 (E.D.N.Y.).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to *pro se* Petitioner.

**SO ORDERED.**

s/SLT

SANDRA L. TOWNES
United States District Judge

Dated: November 29, 2017
Brooklyn, New York

9